UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-80813-DIMITROULEAS/MATTHEWMAN

LOUIS LEO IV, as an individual and on
behalf of all others similarly situated,

    Plaintiff,

v.

CLASSMONEY.NET,
COLLEGEEDUCATIONINFORMATION.COM,
and VENTRIX ADVERTISING, INC., d/b/a
VENTRIXADVERTISING.COM, a California
and Nevada Company

    Defendants.
_____/



FILED BY _____ D.C.

JAN 10 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT CLASS CERTIFICATION AND DAMAGES RELATED DISCOVERY [DE 18]

**THIS CAUSE** is before the Court upon Plaintiff, Louis Leo IV's ("Plaintiff") Motion for Leave to Conduct Class Certification and Damages Related Discovery against Defendant, Ventrix Advertising, Inc. d/b/a Vetrixadvertising.com ("Defendant") for its violations of the Telephone Consumer Protection Act ("the TCPA"). *See* 47 U.S.C. § 227. This matter was referred to the undersigned by United States District Judge William P. Dimitrouleas. *See* DE 20.

Plaintiff filed his Complaint on June 21, 2018, seeking statutory damages and injunctive relief pursuant to the TCPA for Defendants' unlawful, unsolicited calls made to the cellular telephones of Plaintiff and others using an automatic telephone dialing system and an artificial or prerecorded voice. [DE 1]. Plaintiff also seeks to represent a class of plaintiffs, pursuant to Federal Rule of Civil Procedure 23, and seeks certification of the claims and certain issues in this action on behalf of a nationwide class. [DE 1, pg. 10]. On December 4, 2018, Plaintiff filed a Motion for

Clerk's Default as to Ventrix Advertising, Inc. and Memorandum of Law [DE 10], seeking entry of a default by the Clerk of Court against Defendant Ventrix for its failure to plead or defend against Plaintiff's allegations. A Clerk's Default was entered against Defendant Ventrix on December 4, 2018. [DE 11]. On December 14, Plaintiff filed a Notice of Voluntary Dismissal of Defendants CLASSMONEY.NET and COLLEGEEDUCATIONINFORMATION.COM without prejudice. [DE 17]. The Court approved Plaintiff's Notice [DE 17] and dismissed Defendants CLASSMONEY.NET and COLLEGEEDUCATIONINFORMATION.COM from the case without prejudice on December 17, 2018. [DE 19]. At present, Defendant Ventrix remains a party in this case.

On December 14, 2018, Plaintiff filed its Motion for Leave to Conduct Class Certification and Damages Related Discovery against Defendant Ventrix prior to filing its motion for default judgment. [DE 18]. In its Motion, Plaintiff seeks: 1) leave of the Court to conduct class certification and damages discovery, including third party discovery as necessary, 2) the Court's reservation of jurisdiction on the issue of damages, and 3) permission for Plaintiff to seek a final default judgment on behalf of both the Plaintiff and the putative class upon completion of discovery. Plaintiff asserts that it cannot demonstrate that the four requirements of Rule 23(a) have been met in this case without the benefit of discovery. [DE 18, pg. 4]. However, Plaintiff believes that there are hundreds, if not thousands, of members in the potential class that Plaintiff wishes to certify. *Id.* Additionally, Plaintiff seeks discovery into the potential measure of statutory damages entitled to the class, and asks that the Court retain jurisdiction on the issue of damages and to reserve ruling on a final damages determination. [DE 18, pg. 5]. Plaintiff argues that it would be inequitable and unfairly prejudicial for discovery to be stifled due to Defendant Ventrix's failure to participate in the instant litigation. *Id.*

2

A court may only certify a class action if the court is satisfied, after a rigorous analysis, that the prerequisites of Federal Rule of Civil Procedure 23 have been met. *Gilchrist v. Bolger,* 733 F.2d 1551, 1555 (11th Cir.1984). The plaintiff who seeks to certify the suit as a class action bears the burden of establishing these requirements. *Heaven v. Trust Co. Bank,* 118 F.3d 735, 737(11th Cir.1997)(citing *Gilchrist,* 733 F.2d at 1556; *Zeidman v. J. Ray McDermott & Co., Inc.,* 651 F.2d 1030, 1038 (5th Cir.1981)). Plaintiff's burden to establish these requirements is not eliminated due to the fact that the defendant in this case is in default. *See Leider v. Ralfe,* No. 1:01-CV-3137 HB FM, 2003 WL 24571746, at *8 (S.D.N.Y. Mar. 4, 2003), *report and recommendation adopted in part,* No. 01 CIV. 3137 (HB), 2003 WL 22339305 (S.D.N.Y. Oct. 10, 2003)(stating "'the default judgment does not change the fundamental analysis this court must undertake in deciding whether to certify the class.'")(quoting *Trull v. Plaza Assocs.,* No. 97 C 0704, 1998 WL 578173, at *1 (N.D. Ill. Sept 3, 1998)).

Thus, although Defendant Ventrix has failed to plead or defend against Plaintiff's allegations and a Clerk's Default has been entered against it, Plaintiff must establish the prerequisites of Federal Rule of Civil Procedure 23 in this case in order for the Court to certify a class action. It would be unjust to prevent Plaintiff from attempting to demonstrate the elements for certification of a class without the benefit of discovery, due to Defendant Ventrix's failure to participate in this case. It is clear from Plaintiff's Motion that Plaintiff believes there is a strong likelihood that he will meet the requirements of having a class certified upon completion of discovery. Therefore, the Court finds good cause to grant Plaintiff the requested relief. *See Turner v. Coyote's on the Boulevard, Inc.,* No. 08-61072-CIV, 2009 WL 10667068, at *2 (S.D. Fla. June 12, 2009); *Trull,* 1998 WL 578173, at *4 ("Plaintiff is given leave to take discovery or otherwise obtain support for her motion for class certification and to file a revised motion for class

3

motion for class certification").

Accordingly, Plaintiff's Motion or Leave to Conduct Class Certification and Damages Related Discovery against Defendant Ventrix is **GRANTED**. Plaintiff shall have **ninety (90) days** from the date of this Order to conduct class certification and damages related discovery in support of his proposed motion to certify a class. Plaintiff shall file any appropriate motion for default judgment and for damages within 20 days after the completion of class certification and damages related discovery.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this _10_ day of January, 2019.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE